**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| FELICITY HANNA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 7:23-CV-00002 |
| | ) | |
| ESCAMBIA COUNTY BOARD OF | ) | |
| COUNTY COMMISSIONERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

## COMPLAINT

COMES NOW, the Plaintiff, FELICITY HANNA (Plaintiff), by and through the undersigned counsel, and sues ESCAMBIA COUNTY BOARD OF COUNTY COMMISSIONERS (Defendant) and alleges:

## JURISDICTION AND VENUE

1.  This is an action brought under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., damages are in excess of $35,000.00, exclusive of interest, costs, and attorneys' fees.

2.  This Court has the authority to issue declaratory relief, injunctive relief, and other relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2101-2102.

3.  Venue is proper in this Court because Plaintiff and Defendant reside in this district and the events giving rise to this action occurred in this district. See 28 U.S.C. § 1391(b)-(c).

## PARTIES

4.      Defendant, Escambia County Board of County Commissioners, is a local

government entity which governs the County of Escambia, in the State of Florida.

5.      Plaintiff is a resident of Escambia County, Florida, and at all times material

herein, was Defendant's employee.

6.      Plaintiff worked in emergency medical services since November 2019 to present.

7.      Plaintiff was an employee of the Escambia County Board of County

Commissioners and had been employed as an Emergency Medical Technician

(EMT) by Escambia County EMS.

## FACTUAL BACKGROUND

8.      Defendant's power and position is authorized under Fla. Const. Art. V, § 17, and

Fla. Stat. §§ 27.01-27.385.

9.      At all times material, Defendant employed 15 or more individuals.

10.     On or about November 2019, Defendant hired Plaintiff to work as an Emergency

Medical Technician ("EMT.")

11.     At all times material, Defendant employed at least 50 other employees within a

75-mile radius of Plaintiff's location.

12.     Plaintiff requested that the Defendant sponsor her for paramedic school, which

was approved by the Defendant.

13.     The Defendant agreed to pay for the paramedic school, but if Plaintiff did not

complete the school, or failed to complete the school, then she would be required

to pay the Defendant back for the cost of the school.

14.    After a year of completing these paramedic courses, the Plaintiff contacted the Defendant concerning taking FMLA leave for surgery related to a "female issue".

15.    The Plaintiff's FMLA was approved, she scheduled her surgery, and the Plaintiff was under the impression that she would have the ability to attend her paramedic courses while on FMLA leave.

16.    The paramedic courses were taught by a third party separate from the Defendant.

17.    On or about the day of the Plaintiff's surgery, the Defendant told the Plaintiff that she could not attend/participate in her paramedic school courses if she took FMLA.

18.    This was contrary to what was told to her by the Defendant before scheduling the surgery and was contrary to what was told to her my the institution that taught the paramedic courses.

19.    The Plaintiff was only on FMLA for thirty-two (32) days.

20.    FMLA leave was needed as the Plaintiff was not able to perform her EMT work duties for the 32 days after the surgery, due to the physicality of the work.

21.    However, the Plaintiff's participation in the paramedic school courses would have been within her physical limitations during the period of time that she was to be on FMLA.

22.    Plaintiff has retained the services of an attorney to file this suit, and has incurred attorneys' fees, and costs.

## COUNT I

## FMLA INTERFERENCE

23. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set forth herein.

24. Plaintiff was, at all times relevant, an employee of Defendant, and as such, was entitled to take leave under the FMLA due to her "female issues".

25. Defendant was at all relevant times subject to the requirements of the FMLA.

26. Pursuant 29 C.F.R. § 825.113, FMLA leave can be provided to an employee who, in addition to meeting the other criteria, suffers from a "serious health condition." For the purpose of that section, a "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves inpatient care as defined in § 825.114 OR continuing treatment by a health care provider pursuant to § 825.115 (emphasis added).

27. Plaintiff's surgery falls within the meaning of "serious health condition" as defined by § 825.113 and, therefore, she was entitled to FMLA leave.

28. Plaintiff was suffering from a "serious health condition" that qualified her for FMLA.

29. Defendant through its duly authorized agents and employees, who acted on behalf of the Defendant within the scope of their employment, intentionally interfered with Plaintiff's rights as protected under the FMLA, including failing to provide Plaintiff with FMLA paperwork, failing to notify her of all of her rights under the FMLA, telling her that she was not allowed to attend paramedic school if she was on FMLA, not allowing her to attend paramedic school while she was on FMLA,

threatening her to require her to pay back the paramedic school if she went on FMLA, reducing her paychecks to repay for her paramedic school, or otherwise preventing or interfering with her rights under the FMLA.

30.     Plaintiff had plenty of FMLA leave available.

31.     As a result of the unlawful acts of the Defendant, the Plaintiff has suffered damages. Additionally, she is entitled to lost wages and an equal amount of liquidated damages.

32.     Because of the Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover her attorney's fees and costs associated with this suit.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.     Award money damages for lost wages in an amount to be proved at trial (back pay and front pay), plus an equal amount of liquidated damages;

B.     Order that Defendant reinstate Plaintiff to her same position/job; the same or substantially the same position, shift, and the same days off; and the same status that she had at the time when she first became eligible for Family Medical Leave.

C.     Declare that Defendant violated the FMLA when it interfered with Plaintiff's rights under the FMLA;

E.     Award Plaintiff's attorney fees and costs incurred herein; and

F.     Grant other such relief as this Court deems equitable and just.

Felicity Hanna v. Escambia County Board of County Commissioners
Complaint
5

## COUNT II

## FMLA RETALIATION

33. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set forth herein.

34. Plaintiff was, at all times relevant, an employee of Defendant, and as such, was entitled to take leave under the FMLA due to her "female issues".

35. Defendant was at all relevant times subject to the requirements of the FMLA.

36. Pursuant 29 C.F.R. § 825.113, FMLA leave can be provided to an employee who, in addition to meeting the other criteria, suffers from a "serious health condition." For the purpose of that section, a "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves inpatient care as defined in § 825.114 OR continuing treatment by a health care provider pursuant to § 825.115 (emphasis added).

37. Plaintiff's surgery falls within the meaning of "serious health condition" as defined by § 825.113 and, therefore, she was entitled to FMLA leave.

38. Plaintiff was suffering from a "serious health condition" that qualified her for FMLA.

39. Defendant through its duly authorized agents and employees, who acted on behalf of the Defendant within the scope of their employment, intentionally retaliated  against Plaintiff for exercising her rights under the  FMLA, including telling her that she was not allowed to attend paramedic school if she was on FMLA, not allowing her to attend paramedic school when she was on FMLA, threatening her to have to pay back the paramedic school if she went on FMLA, reducing her paychecks to repay for her paramedic school, not telling her about their decision to not  allow her to attend

paramedic classes while she was on FMLA until immediately before her surgery, taking actions to discourage her from taking FMLA, or otherwise retaliating against her for exercising her wights under the FMLA.

40. Plaintiff had plenty of FMLA leave available.

41. As a result of the unlawful acts of the Defendant, the Plaintiff has suffered damages. Additionally, she is entitled to lost wages and an equal amount of liquidated damages.

42. Because of the Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover her attorney's fees and costs associated with this suit.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award money damages for lost wages in an amount to be proved at trial (back pay and front pay), plus an equal amount of liquidated damages;

B. Order that Defendant reinstate Plaintiff to her same position/job; the same or substantially the same position, shift, and the same days off; and the same status that she had at the time when she first became eligible for Family Medical Leave.

C. Declare that Defendant violated the FMLA when it retaliated against Plaintiff for exercising her rights under the FMLA;

E. Award Plaintiff's attorney fees and costs incurred herein; and

F. Grant other such relief as this Court deems equitable and just

[Continued on Next Page]

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED May 31, 2023

Respectfully submitted,

/s/ Jeremiah J. Talbott
Jeremiah J. Talbott, Esq.
FL Bar No.: 015484
Law Office of J.J. Talbott
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jj@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*